UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ARUBA PETROLEUM, INC.<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 4:12cv118(bjc) |
| | § | |
| FCS ADVISORS, INC. d/b/a BREVET<br>CAPITAL ADVISORS and<br>BREVET CAPITAL SPECIAL<br>OPPORTUNITIES MASTER FUND, L.P.<br>Defendants. | §<br>§<br>§<br>§<br>§ | |

## DEFENDANTS' ANSWER AND COUNTERCLAIM

Defendants, Brevet Capital Special Opportunities Master Fund, L.P. (the "**Master Fund**"), and FCS Advisors, Inc. ("**FCS**") (collectively, "**Defendants**"), answer and assert the following defenses to Plaintiff's Original Petition and Request for Declaratory Judgment ("**Complaint**") and counterclaim as follows:

1.  No response is necessary, as the provisions under Texas Rule of Civil Procedure 190.3 no longer apply in this action.

2.  Defendants are without sufficient knowledge and/or information to admit or deny.

3.  Defendants admit that FCS is a New York Corporation, that it does not maintain an agent for service of process in Texas, that it does not maintain a regular place of business in Texas, and that it may be served with process through the Secretary of State as described. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.  Defendants admit that the Master Fund is a Cayman Islands Limited Partnership, that it does not maintain an agent for service of process in Texas, that it does not maintain a regular place of business in Texas, and that it may be served with process through the Secretary of State as described. Defendants deny the remaining allegations contained in Paragraph 4 of the

1

Complaint.

5. Defendants deny that venue is proper in Collin County, Texas, and are without knowledge to admit or deny the remaining allegations of Paragraph 5 of the Complaint.

6. Neither admitted nor denied as the Complaint speaks for itself.

7. Defendants deny that they do business in Texas but admit that this Court has personal jurisdiction over the Defendants.

8. Defendants deny that FCS acted as a lender to Aruba Energy LLC, and neither admit nor deny the remaining allegations contained in Paragraph 8 of the Complaint as the Amended Complaint, Answer and the various orders in the case styled River Capital Advisors of North Carolina, Inc. v. FCS Advisors, Inc., *et al*., United States District Court for the Eastern District of Texas (Sherman Division), Civil Action No. 4:10-CV-00471 (the "**River Capital Litigation**") speak for themselves. Defendants further state that Exhibit A to the Complaint fails to include copies of the exhibits referenced therein.

9. Defendants admit that only the Master Fund provided financing to Aruba Energy LLC. Defendants also admit that Aruba Petroleum, Inc., and Brevet Capital Advisors, Inc., executed a letter of intent on August 23, 2007. Defendants neither admit nor deny the remaining allegations contained in paragraph 9 of the Complaint as the letter of intent speaks for itself. Defendants state that version of the Letter of Intent attached as Exhibit B to the Complaint is not complete.

10. Defendants admit that they have been defending the River Capital Litigation for over one year and that they have demanded indemnification from Aruba Petroleum, Inc., and neither admit nor deny the remaining factual allegations contained in Paragraph 10 of the Complaint as the letter of intent speaks for itself. Defendants neither admit nor deny the

remaining allegations contained in Paragraph 10 of the Complaint as they are conclusions of law, and not allegations of fact, to which no response is required.

11. The allegations in the subparts of Paragraph 11 are denied. No response is necessary to the remaining allegations of Paragraph 11 or to any conclusions of law contained in Paragraph 11 and its subparts.

12. Defendants deny that Aruba Petroleum, Inc., is entitled to its attorney's fees in this action.

## G. PRAYER

Defendants deny Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Defendants generally deny the remaining allegations of Plaintiff's Original Petition and Request for Declaratory Judgment not expressly admitted above.

## FIRST DEFENSE
### Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### Actual Awareness, Notice or Knowledge

The actual awareness, notice, or knowledge of Plaintiff or its agents of the indemnity provision in the Letter of Intent renders immaterial any claim by plaintiff of a defect in the form or language of the indemnity provision, including conspicuousness.

## THIRD DEFENSE
### Waiver

Plaintiff's claims are barred in whole or in part by waiver, in that Plaintiff, by its conduct in negotiating the Letter of Intent with the full assistance of counsel, signing the Letter of Intent,

and accepting the benefits of the Letter of Intent, waived any objection it may have had to the form or language of the indemnity provision in the Letter of Intent.

## FOURTH DEFENSE
### Estoppel

Plaintiff's claims are barred in whole or in part by estoppel, in that Plaintiff, after negotiating the Letter of Intent with the full assistance of counsel, signing the Letter of Intent, and accepting the benefits of the Letter of Intent, is now estopped from objecting to the form or language of the indemnity provision in the Letter of Intent.

**DEFENDANTS FCS AND THE MASTER FUND CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

### Parties

1. Counterclaimant FCS Advisors, Inc. (**"FCS"**) d/b/a Brevet Capital Advisors ("**Brevet**"), is a New York Corporation which provides advisory and consulting services for clients with a focus on financial services, real estate and chain/franchise retail businesses.  FCS maintains its principal place of business in New York City.

2. Counterclaimant Brevet Capital Special Opportunities Master Fund, L.P. (the "**Master Fund,**" the Master Fund and FCS collectively referred to as "**Counterclaimants**"), is a Cayman Island limited partnership.  Brevet Capital Partners LLC, the general partner of the Master Fund, is a Delaware limited liability company.  The Master Fund is a fund that focuses on non-commoditized financial and hard assets by investing in senior secured financings and direct purchases.  Brevet Capital Management LLC maintains its principal place of business in New York City.  The Master Fund is an affiliate of FCS.

3. Defendant-in-Counterclaim Aruba Petroleum, Inc. ("**API**"), is a Texas

corporation with a principal place of business in Plano, Texas. Upon information and belief, API is an independent crude oil and natural gas exploration and production company with reserves located in North America. Also on information and belief, API concentrates in the various shale plays, including the Barnett Shale, Marcellus Shale, and the Eagle Ford Shale, along with deeper horizons located in the extreme southern portion of the Texas Gulf Coast.

### The Letter of Intent

4. In or around the summer of 2007, River Capital Advisors of North Carolina, Inc.[1], an investment banking firm, introduced API to Brevet regarding a possible financing transaction. As part of that process, on August 23, 2007, API and Brevet entered into a letter of intent ("**LOI**"), a true and correct copy of which is attached as Exhibit A. Specifically, the LOI provides:

> . . .
> The parties hereto acknowledge that this Letter does not contain all matters upon which an agreement must be reached in order for the Financing Transaction to be consummated. Further, any consummation of the Financing Transaction is subject to credit approval, due diligence, and the negotiation and execution of the Financing Documents referred to below in Section 3 in form and substance satisfactory to the Lender. Accordingly, this Letter is intended solely as a basis for further discussion and is not intended to be and does not constitute a legally binding agreement; provided, however, that the provisions set forth in Sections 6 through 12 below and this paragraph shall be binding upon the parties hereto and Sections 7 through 12 shall survive the termination hereof and any discussions relating to the Financing Transaction among the parties hereto.
>
> . . .
>
> 10. Indemnification. Aruba agrees to (i) indemnify each Indemnified Party and hold each Indemnified Party harmless against: any and all Losses in any way related to the Financing Transaction (excluding credit recourse for defaulted Security items unrelated to items (A) through (E) below), the Financing Documents or the transactions contemplated hereby, including, without limitation, . . . (D) any actual or alleged violations of law, breach of contract or

---

[1] There is a dispute as to whether River Capital Advisors of North Carolina Inc., or River Capital Advisors, Inc., was the corporate entity performing investment banking services for API; however, that dispute is unrelated to the subject of this litigation.

>  tort by Aruba (including any violations of law in the origination or, if applicable, servicing of any defaulted Security items or any actions by Aruba in its role as servicer), or (E) any claim, demand, defense, assertion, litigation, action or proceeding brought by a third party or governmental authority alleging or relating to any of the foregoing; and (ii) reimburse each Indemnified Party promptly upon demand for any legal or other expenses incurred by them in connection with investigating, preparing for or defending against any such claim, demand, defense, assertion, litigation, action or proceeding as such expenses are incurred. The indemnification obligations of Aruba hereunder shall survive the termination of this letter and shall be in addition to any liability which it may otherwise have. . . . .
>  
>  **The terms of this Section 10 shall survive the termination of this Letter.**
>  
>  . . .
>  
>  15.    Choice of Law/Forum:  This Letter shall be governed by and construed in accordance with the laws of the State of New York.  Each of the Parties to this Letter submits to the jurisdiction of any state or federal court  sitting in New York, in any action or proceeding arising out of or relating to this Letter and agrees that all claims in respect of the action or proceeding may be heard and determined in any such court.  Each of the parties waives any defense of inconvenient forum to the maintenance of any action or proceeding so brought . . . .

LOI (emphasis in the original).

  5. Pursuant to the terms of the LOI, API and Brevet negotiated a $100 million financial transaction.  On September 21, 2007, Aruba Energy LLC ("**Aruba**"), a special purpose entity created for the financial transaction and owned by API, entered into a bridge loan with Bank of America (the "**Bridge Loan**").  The Bridge Loan was then acquired by the Master Fund and administered by FCS.  Then on December 24, 2007, Aruba and Bank of America entered into a term loan (the "**Term Loan**") which was also later acquired by the Master Fund and administered by FCS.

## The Underlying Litigation

  6. On August 20, 2010, River Capital Advisors of North Carolina, Inc. ("**River Capital**"), commenced an action against FCS and the Master Fund styled River Capital Advisors

of North Carolina, Inc. v. FCS Advisors, Inc. and Brevet Capital Special Opportunities Master Fund, L.P., 219th District Court of Collin County, Texas, Cause No. 219-03442-2010 (the "**River Capital Litigation**").

7. On September 14, 2010, the Master Fund removed the River Capital Litigation to the United States District Court for the Eastern District of Texas (Sherman Division).

8. In the River Capital Litigation, River Capital asserted claims for fraudulent inducement, negligent misrepresentation, de facto partnership/alter ego, tortious interference with contract and attorney's fees, all relating to a certain success fee that River Capital allegedly earned under an agreement between River Capital and Aruba Energy for the investment banking services it provided for API and Aruba that resulted in the Term Loan.  A true and correct copy of the River Capital Litigation Amended Complaint is attached hereto as Exhibit B.  The Court dismissed River Capital's claims for fraudulent inducement, de facto partnership/alter ego and attorney's fees, leaving claims remaining against FCS and the Master Fund of negligent misrepresentation and tortious interference.  FCS and the Master Fund have been defending the River Capital Litigation and are in the process of discovery.  No determinations of liability have been made on River Capital's remaining claims.

9. On February 1, 2012, FCS and the Master Fund demanded indemnification and reimbursement of defense costs from Aruba and API under the LOI (the "**Demand Letter**").

10. On February 6, 2012, counsel for API requested thirty days to respond to the Demand Letter.

11. On February 8, 2012, counsel for FCS and the Master Fund informed counsel for Aruba and API that FCS and the Master Fund were agreeable to an extension to and including February 14, 2012 to respond to the Demand Letter.

12. On February 9, 2012, API filed Plaintiff's Original Petition and Request for Declaratory Judgment ("**Complaint**") in the 429th District Court, Collin County, Texas, seeking a declaratory judgment regarding its rights and obligations under the LOI.  Specifically, the Petition seeks the following Declarations:

   a. Texas Law governs the terms of the Letter of Intent;
   b. The Indemnity Provision of the Letter of Intent is unenforceable because it is not "conspicuous" as required by Texas law;
   c. The scope of the Indemnity Provision of the Letter of Intent does not encompass conduct of LLC or the alleged wrongful conduct of FCS and Brevet Fund;
   d. The Underlying Litigation does not allege conduct within the scope of the Indemnity Provision;
   e. Any agreement purportedly providing for indemnification of tortious interference claims (or any other claims of willful and intentional conduct) brought against FCS and Brevet in the Underlying Lawsuit is void as against public policy; and
   f. Aruba owes no duty to indemnify FCS and Brevet for any of their liability in the Underlying Lawsuit and no duty to reimburse FCS and Brevet for costs of defense (including attorneys fees).

Complaint.

13. On February 13, 2012, the Counterclaimants removed this case to the Untied States District Court for the Eastern District of Texas.

14. Accordingly, pursuant to 28 U.S.C. §§ 2201-2202, an actual and present controversy exists for which Counterclaimants seek a declaration from the Court regarding their rights and obligation under the LOI.

WHEREFORE, Counterclaimants seek relief and demand judgment in the nature of a declaratory judgment which adjudicates the rights and interests of the parties and request that this Court declare that:

   a. New York law governs the LOI;

   b. The indemnity provisions contained in the LOI are valid and enforceable against API and its affiliates, partners, and assigns;

8

    c.    The scope of the indemnity provisions contained in the LOI cover the claims against the Counterclaimants in the River Capital Litigation;

    d.    API owes Counterclaimants indemnity for any judgment rendered against it and all costs of defense in the River Capital Litigation; and

    e.    API owes Counterclaimants for any and all attorneys fees and costs associated with this declaratory judgment action.

**COUNTERCLAIMANTS FCS AND THE MASTER FUND CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

RESPECTFULLY SUBMITTED,
**GREENBERG TRAURIG, LLP**
By: /s/ Annapoorni R. Sankaran
    Annapoorni R. Sankaran[2]
    State Bar No. 24071918
    Jennifer Tomsen
    State Bar No. 24064535
    1000 Louisiana, Suite 1700
    Houston, Texas 77002
    Phone: 713-374-3500
    Fax: 713-374-3505
    Email: sankarana@gtlaw.com
          tomsenj@gtlaw.com

    Mugdha S. Kelkar
    State Bar No. 24050860
    2200 Ross Avenue, Suite 5200
    Dallas, Texas 75201
    Phone: 214-665-3685
    Facsimile: 214-665-5985
    Email: kelkarm@gtlaw.com

**ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIMANTS,
BREVET CAPITAL SPECIAL OPPORTUNITIES MASTER FUND, L.P., AND FCS ADVISORS, INC.**

---

[2] Lead Attorney (LR-11)

**CERTIFICATE OF SERVICE**

   I certify that on March 1, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the District Court of the Eastern District of Texas and was served by (a) the Court's electronic notification system to those who receive such service and (b) first-class United States mail, postage pre-paid to the parties listed below.

                     /s/ Annapoorni R. Sankaran
                     Annapoorni R. Sankaran

Ben K. Barron
Ben K. Barron, P.C.
2001 Bryan Street, Suite 2120
Dallas, Texas 75201
Email: bbarron@barronlawfirm.com

Michael Mazzone
Haynes and Boone, LLP
1 Houston Center
1221 McKinney, Suite 2100
Houston, Texas 77010
Email: michael.mazzone@haynesboone.com

Richard H. Kelsey
Kelsey, Kelsey & Hickey
2225 East McKinney Street
Denton, Texas 76209
Email: rkelsey@dentontexaslawyers.com