# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ARUBA PETROLEUM, INC. | § | |
|     Plaintiff and Counterdefendant, | § | |
| | § | |
| V. | § | |
| | § | |
| FCS ADVISORS, INC. d/b/a BREVET | § | CASE NO. 4:12-CV-0118 |
| CAPITAL ADVISORS and BREVET | § | Judge Schell/Judge Mazzant |
| CAPITAL SPECIAL OPPORTUNITIES | § | |
| MASTER FUND, LP | § | |
|     Defendants and Counterclaimants, | § | |
| | § | |
| V. | § | |
| | § | |
| ARUBA ENERGY, LLC | § | |
|     Third-Party Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 4, 2014, the report of the Magistrate Judge (Dkt. 110) was entered containing proposed findings of fact and recommendations that Aruba Petroleum, Inc. and Aruba Energy, LLC's Motion for Reconsideration (Dkt. 92) be GRANTED, the Aruba entities' Motion for Partial Summary Judgment (Dkt. 36) be DENIED, the Aruba entities' Motion for Judgment on the Pleadings (Dkt. 64) be DENIED, and Defendants' Motion for Summary Judgment (Dkt. 96) be GRANTED.

The Aruba entities object to the Magistrate Judge's finding that the Aruba entities had actual knowledge of the indemnity agreement. The Magistrate Judge found that this actual knowledge excused compliance with the fair notice requirements. "Fair notice" includes two

1

components: (1) the express negligence doctrine and (2) the conspicuousness requirement. *See Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 507 (Tex. 1997). Generally, an indemnity agreement is enforceable only if both components are met. *Id.*; *see also Storage & Processors v. Reyes*, 134 S.W.3d 119, 126-27 (Tex. App. – Houston [14th Dist.] 2000, pet. denied). However, "[t]he fair notice requirements are not applicable when the indemnitee establishes that the indemnitor possessed actual notice or knowledge of the indemnity agreement." *Dresser*, 853 S.W.2d at 508 n.2; *Reyes*, 134 S.W.3d at 192; *see also Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 20 S.W.3d 119, 126-27 (Tex. App. – Houston [14th Dist.] 2000, pet. denied). In opposition, Defendants contend that the fair notice requirements do not apply in this case because the effect of the indemnification agreement in this case is not to relieve a party of responsibility for its own negligence. Defendants note that there is no negligent conduct in this case, and they are not seeking to be indemnified for losses stemming from their own negligent actions. Further, Defendants argue that the Magistrate Judge properly applied Texas Supreme Court law to determine if there was actual knowledge of the indemnification agreement. *See Huerta v. Shein*, 498 F. App'x 422, 424 (5th Cir. 2012) ("Texas substantive law governs this dispute. To determine a state's substantive law, federal courts sitting in diversity look to the final decisions of the state's highest court."). In reply, the Aruba entities assert that the fair notice requirements apply where a party seeks indemnification for defense costs, even where the party is not found liable for negligence. *See Fisk Electric Co. v. Construction & Assoc., Inc.*, 888 S.W.2d 813, 815-16 (Tex. 1994).

The Aruba entities also assert that Defendants failed to establish actual knowledge. The Aruba entities cite two Texas appellate court cases holding that the mere reading of an agreement containing an indemnity provision does not establish actual knowledge, arguing that these two

2

cases are better reasoned than the case relied on by the Magistrate Judge. *See Am. Home Shield Corp. v. Lahorgue*, 201 S.W.3d 181, 186 (Tex. App. – Dallas 2006, pet filed); *Enron Corp. Sav. Plan v. Hewitt Assocs., LLC*, 611 F. Supp. 2d 654, 674 (S.D. Tex. 2009). However, the Magistrate Judge found that not only did the Aruba entities read the Letter of Intent; they read the specific indemnity provision at issue in this case.

The Aruba entities also argue that at a minimum, there is a fact issue regarding actual knowledge. However, this issue was not before the Magistrate Judge. In fact, in their briefing the Aruba entities asserted that there were no disputed issues of material fact (*see* Dkt. 36, 64, 92).

The Aruba entities also object to the finding of the Magistrate Judge that actual knowledge excuses compliance with both prongs of the fair notice requirements. The Aruba entities cite to several recent Texas appellate court cases finding that actual knowledge excuses compliance with the express negligence test, but not with the conspicuousness prong (*see* Dkt. 112 at 8). Defendants contend that the Magistrate Judge properly applied Texas Supreme Court law and determined that actual notice excuses both elements of the fair notice requirements. *See Huerta,* 498 F. App'x at 424 ("Texas substantive law governs this dispute. To determine a state's substantive law, federal courts sitting in diversity look to the final decisions of the state's highest court.").

The court has made a *de novo* review of the objections raised by the Aruba entities (*see* Dkt. 112), Defendants' response (*see* Dkt. 113), and the Aruba entities' reply (Dkt. 114), and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge. The court

hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

Therefore, Aruba Petroleum, Inc. and Aruba Energy, LLC's Motion for Reconsideration (Dkt. 92) is GRANTED, the Aruba entities' Motion for Partial Summary Judgment (Dkt. 36) is DENIED, the Aruba entities' Motion for Judgment on the Pleadings (Dkt. 64) is DENIED, and Defendants' Motion for Summary Judgment (Dkt. 96) is GRANTED.

**IT IS SO ORDERED.**

**SIGNED this the 27th day of March, 2014.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE